**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-25564-KMM

ANTONIO SUAREZ SUZ,

Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOM ENFORCEMENT, *et al.*,

Respondents.

______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Petitioner Antonio Suarez Suz's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (the "Petition" or "Pet."). (ECF No. 1). The Court issued an Order to Show Cause (the "OTSC") requiring Respondents to file one consolidated memorandum of fact and law to show why the Petition should not be granted. *See generally* (ECF No. 5). Respondents thereafter filed a Response (the "Response" or "Resp.") (ECF No. 7) and Petitioner filed a Reply thereto (the "Reply") (ECF No. 8). The Petition is now ripe for review. As set forth below, the Petition is DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Petitioner, a citizen of Cuba, filed his Petition on August 9, 2026, [1] asserting: Ground One for violation of due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001); Ground Two for

[1] Under the prison mailbox rule, a *pro se* prisoner's filing is considered filed on the date the prisoner delivers it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Unless the record shows otherwise, courts presume that the prisoner handed the filing to prison officials on the day he signed it. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). The Eleventh Circuit has not squarely decided whether the prison mailbox rule extends to immigration detainees, but it has indicated that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." *Boatman v. Berreto*,

violation of due process under the Fifth Amendment; Ground Three for lack of significant likelihood of removal in the reasonably foreseeable future; and Ground Four for immigration detainees facing severe hardship while incarcerated. *See generally* Pet. In the Response, Respondents contend that Petitioner's *Zadvydas* claims are premature. *See generally* Resp. The Court agrees that the Petition is premature.

## II. LEGAL STANDARD

Section 1231(a) of the Immigration and Nationality Act applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id.* § 1231(a)(1)(A). Once the order of removal is finalized, the Government should do its best to execute removal during the removal period. *See Zadvydas*, 533 U.S. at 699–701; *see Cardenas v. Lyons*, No. 26-CV-21767, 2026 WL 1078969, at *2 (S.D. Fla. Apr. 21, 2026). When the Government does not timely remove an alien during that period, indefinite detention "raises serious constitutional concerns." *See Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51-MMH-LLL, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026).

"The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.* (citation omitted). To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must show that: (1) he has been detained for more than six months; and (2) there is no significant likelihood of removal

---

938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up and citation omitted). Other courts have applied the rule in this context. *See, e.g.*, *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) (holding that "the prison mailbox rule applies to pro se detainees in immigration proceedings" (citations omitted)); *Somodevilla v. Warden, Fla. Soft Side S. Det. Facility*, No. 2:26-CV-1372-JES-NPM, 2026 WL 1379034, at *1 (M.D. Fla. May 18, 2026). Here, Petitioner signed the Petition on August 9, 2026, and the Court thus deems it filed on August 9, 2026. Pet. at 8.

in the reasonably foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam); *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (per curiam).

## III. DISCUSSION

Here, Petitioner was ordered removed to Cuba on March 16, 2026, and the removal order became final that day because Petitioner waived his right to appeal. *See* Resp. at 3; (ECF No. 7-9) at 2; 8 C.F.R. § 1241.1(b). His removal period, and with it the six-month presumptively reasonable period, therefore began on March 16, 2026. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (explaining that the removal period under § 1231 "begins on the date the removal order becomes administratively final"). When Petitioner filed the Petition on August 9, 2026, he had been in post-removal-order detention for 146 days. Although he has since passed the six-month mark, the presumptively reasonable period had not expired when he filed, so his *Zadvydas* claims are premature. *See Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*."); *Luque Flores v. Warden, N. Fla. Det. Ctr.*, No. 3:26-CV-1125-MMH-LLL, 2026 WL 2561593, at *2 (M.D. Fla. Aug. 31, 2026) ("Although [petitioner] has now been detained for approximately 8 months, his *Zadvydas* claims [were] not ripe at the time he filed the [p]etition.").

Petitioner appears to argue that the Petition is not premature because Respondents have held him in immigration custody since June 2025. See Reply at 2.[2] But before March 16, 2026, Petitioner was detained pending the outcome of his removal proceedings. Entry of a final removal

[2] Respondents represent that Petitioner was transferred into U.S. Immigration and Customs Enforcement's custody on June 26, 2025. Resp. at 2; (ECF No. 7-7). Petitioner alleges he was taken into custody on July 2, 2025. Pet. at 1, 4. This discrepancy does not affect the Court's analysis herein.

order "fundamentally changes the procedural posture of the case," and the alien is thereafter detained "pursuant to a wholly different statute, 8 U.S.C. § 1231(a)." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) (cleaned up). The *Zadvydas* clock therefore runs from the start of the removal period, not from the alien's initial arrest. *See S.C. v. Warden, Stewart Det. Ctr.*, No. 4:22-CV-159-CDL-MSH, 2023 WL 2534098, at *3 (M.D. Ga. Jan. 30, 2023), *report and recommendation adopted sub nom., S.C. v. Washburn*, 2023 WL 2527869 (M.D. Ga. Mar. 15, 2023). The authority Petitioner himself invokes says the same. *See Akinwale*, 287 F.3d at 1052 n.3 (presumptively reasonable period "commences at the beginning of the removal period"); Reply at 2. Accordingly, the Court finds that the Petition is premature. *See Cardenas*, at *3 (S.D. Fla. Apr. 20, 2026) (dismissing habeas petition as premature because the post-removal-order detention did not exceed six months).

## IV. CONCLUSION

UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of October, 2026.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

Antonio Suarez Suz
A# 097-767-902
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194